IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:23-cv-439 |
| TYSON L. FRISKNEY, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

The United States of America, through its undersigned counsel, by the authority of the Attorney General, and at the request of the Secretary of the Army acting through the United States Army Corps of Engineers ("Corps"), alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action commenced under Sections 309(b) and 404 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1319(b) and 1344, to obtain injunctive relief against Tyson Friskney ("Defendant") for discharging pollutants into waters of the United States without authorization on Defendant's property, identified as Parcel Number 094-340-00-022.000 and located south of County Road P and west of State Highway 49 in Northwest Township, Williams County, Ohio ("Property"), in violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

2. In this action, the United States seeks (1) to enjoin Defendant from the further discharge of pollutants into waters of the United States without a permit in violation of CWA Section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendant, pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), at his own expense and at the direction of the Corps, to restore the waters of

the United States and/or mitigate the damages caused by Defendant's unlawful activities; and (3) to be awarded such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this Complaint pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345.

4. Venue is proper in the Northern District of Ohio pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b), because the Property is located in this District and the cause of action alleged herein arose in this District.

5. Notice of the commencement of this action has been provided to the State of Ohio.

## PARTIES

6. The Plaintiff in this case is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519.

7. Defendant Tyson Friskney is a private individual residing at 14591 Carpenter Road, Camden, Michigan, who, at all times relevant to the Complaint, either owned or controlled the Property and/or otherwise controlled the activities that occurred on the Property.

## STATUTORY AND REGULATORY BACKGROUND

8. The CWA was enacted "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

9. CWA Section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants, including dredge or fill material, into navigable waters except in compliance with, among other things, a permit issued by the Corps pursuant to CWA Section 404, 33 U.S.C. § 1344.

10. CWA Section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Corps, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

11. "Discharge of a pollutant" means, in relevant part, "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

12. "Pollutant" includes, among other things, dredged spoil, solid waste, rock, sand, and agricultural waste. 33 U.S.C. § 1362(6).

13. "Navigable waters" are defined as "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).

14. Currently, and at all times relevant to this Complaint, "waters of the United States" has included, in relevant part, all waters "which are currently used, or were used in the past, or may be susceptible to use in interstate or foreign commerce" ("traditional navigable waters") and tributaries of traditional navigable waters. 33 C.F.R. § 328.3(a)(1) and (5) (1993).

15. "Point source" means "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

16. Under the CWA, a "person" includes "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." 33 U.S.C. § 1362(5).

17. CWA Section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA Section 301(a), 33 U.S.C. § 1311(a).

GENERAL ALLEGATIONS

18. The Property is located south of County Road P and west of State Highway 49 in Northwest Township, Williams County, Ohio, and is identified as Parcel Number 094-340-00-022.000.

19. On or about March 19, 2015, the Corps came upon information that Defendant had culverted and backfilled a stream on the Property.

20. The Corps issued Defendant a letter dated March 25, 2015, informing Defendant that a discharge of dredged or fill material in violation of the CWA was reported at the Property.

21. On or about March 27, 2015, Defendant spoke with the Corps and stated that he had installed an 18-inch culvert in the subject stream.

22. The Corps visited the Property on or about April 1, 2015, to conduct a site investigation. The investigation revealed that the culvert installation and associated backfill on the Property resulted in the discharge of dredged or fill material into waters of the United States (approximately 2,200 linear feet of an unnamed tributary) without a permit or other Corps authorization.

23. Specifically, from about 2013 to 2014, Defendant and/or persons acting on Defendant's behalf used mechanized and earth-moving equipment to clear a vegetated stream (riparian) corridor, install an 18-inch culvert pipe, backfill, and grade approximately 2,200 linear feet of an open-water stream on the Property, which resulted in the discharge of dredged or fill material into waters of the United States without the required CWA permit.

24. The Corps issued a Notice of Violation, dated April 20, 2015, advising Defendant that the discharge of dredged or fill material in waters of the United States at the Property was conducted without Corps authorization and in violation of the CWA.

25. On or about November 3, 2015, the Corps, Defendant, and representatives from the Ohio Environmental Protection Agency (OEPA) met to discuss permitting options available for the impacts to waters on the Property. Defendant's consultant, Julie Hewlett of Bowser Morner, Inc., then submitted an after-the-fact Section 404 permit application, dated December 8, 2015, on Defendant's behalf.

26. In a letter dated August 10, 2016, the Corps requested additional information from Defendant to support his permit application. Defendant did not respond to the Corps' request.

27. The United States Environmental Protection Agency (EPA) sent Defendant a letter dated October 4, 2016, advising Defendant of the potential civil and criminal penalties for violations of the Clean Water Act, and advising that he communicate further with the Corps.

28. On or about March 16, 2017, a Corps representative and an EPA representative conducted a site visit at the Property and observed that the unpermitted fill remained in place, and a stream channel had started to form on top of the installed culvert.

29. The Corps visited the Property again on June 24, 2020, and confirmed the impacts were still in place.

30. Upon information and belief, the fill remains in place at the Property and continues to affect the flow of water on the Property.

COUNT ONE

DISCHARGE OF POLLUTANTS WITHOUT A PERMIT

31. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-30 and incorporates them herein by reference.

32. Defendant is a person within the meaning of CWA Section 502(5), 33 U.S.C. § 1362(5).

33. Between approximately 2013 and 2014, Defendant and/or persons acting on his behalf discharged dredged and/or fill material from a point source into approximately 2,200 linear feet of a stream that is a water of the United States without authorization under Section 404 of the CWA, 33 U.S.C. § 1344.

34. The dredged or fill material that Defendant and/or persons acting on his behalf caused to be discharged into waters of the United States on the Property included, among other things, dirt, spoil, rock, and/or sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

35. At all times relevant to this Complaint, Defendant conducted, contracted for, supervised, and/or otherwise controlled the unauthorized discharges alleged in this Complaint.

36. Defendant and/or persons acting on his behalf used excavators, bulldozers, trucks, and/or other earth-moving equipment to discharge fill and/or dredged material into waters of the United States on the Site. This equipment constitutes "point source[s]" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

37. Defendant did not obtain a permit from the Secretary of the Army, acting through the Corps, for the discharges of dredged and/or fill material into waters of the United States on the Site, as required by CWA Sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344, nor were the discharges authorized under any other provision of the CWA.

38. Prior to the unauthorized discharges alleged in this Complaint, the open-water stream was part of an unnamed tributary flowing from the Property approximately 1.62 miles into the North Branch of Eagle Creek, then approximately 12 miles to the St. Joseph River, and ultimately into the Maumee River, which is a traditional navigable water.

39. The impacted stream is a relatively permanent body of water with physical indicators of a bed and bank and an ordinary high-water mark, and it flows through continuous surface waters to the Maumee River.

40. The Maumee River is a traditional navigable water that empties into Lake Erie, an international water bisected by the border of Canada and the United States.

41. Prior to the unauthorized discharges alleged in this Complaint, the impacted stream exhibited flow characteristics and ecological functions that affect the chemical, physical, and biological properties of the Maumee River and Lake Erie. Specifically, the impacted stream provided important ecological functions, including habitat for fish, amphibians, and benthic invertebrates; nutrient uptake within the stream channel; and sediment trapping of runoff from surrounding farmland.

42. At all times relevant to this Complaint, including at the time of the alleged discharges, the stream was "waters of the United States" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and regulations promulgated thereunder.

43. At all times relevant to this Complaint, Defendant owned, leased, or otherwise controlled the Property on which each unauthorized discharge of dredged or fill material into waters of the United States occurred.

44. Defendant has violated and continues to violate CWA Section 301(a), 33 U.S.C. § 1311(a), by allowing his unauthorized discharge of dredged or fill material into waters of the United States to remain in place at the Property.

45. As a result of his violations of the CWA, as described herein and in accordance with CWA Section 309(b), 33 U.S.C. § 1319(b), Defendant is subject to appropriate relief, including a temporary and/or permanent injunction.

46. Unless enjoined, Defendant is likely to continue to discharge the dredged and/or fill material into and/or to allow dredged or fill material to remain in waters of the United States, including the stream on the Property, in violation of CWA Section 301, 33 U.S.C. § 1311.

47. Based upon information and belief, the CWA violations alleged herein are ongoing as of the date of the filing of this Complaint.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

1. That Defendant be permanently enjoined from discharging or causing the discharge of dredged material, fill material, or other pollutants into any waters of the United States except in compliance with the CWA;

2. That Defendant be enjoined to undertake measures, at Defendant's own expense and at the direction of the Corps, to effect complete restoration of the waters of the United States on the Property and to perform mitigation to compensate for irreversible environmental damage;

3. That the United States be awarded costs and disbursements in this action; and

4. That this Court grant the United States such other relief as the Court may deem just and proper.

Respectfully submitted,

TODD KIM
Assistant Attorney General

Dated:  March 3, 2023

/s/ Miranda M. Jensen
MIRANDA M. JENSEN
PERRY M. ROSEN
United States Department of Justice
Environment & Natural Resources Division

        Environmental Defense Section
        P.O. Box 7611
        Washington, DC 20044-7611
        Fax: (202) 514-8865
        (202) 598-3071 | miranda.jensen@usdoj.gov
        (202) 353-7792 | perry.rosen@usdoj.gov


        MICHELLE M. BAEPPLER
        First Assistant United States Attorney

        GUILLERMO J. ROJAS
        Assistant United States Attorney
        Northern District of Ohio, Toledo Branch
        4 Seagate #308
        Toledo, Ohio 43604


        *For the United States of America*

OF COUNSEL:
KIMBERLY A. ROWLES
Assistant District Counsel
U.S. Army Corps of Engineers, Buffalo District
1776 Niagara Street
Buffalo, New York