**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:23-cv-000439-JRK |
| TYSON L. FRISKNEY, | ) | |
| Defendant. | ) | |

**CONSENT DECREE**

**Table of Contents**


**I. JURISDICTION AND VENUE** ........ 5

**II. APPLICABILITY** ........ 6

**III. DEFINITIONS** ........ 6

**IV. INJUNCTIVE RELIEF** ........ 8

**V. STIPULATED PENALTIES** ........ 9

**VI. FORCE MAJEURE** ........ 12

**VII. DISPUTE RESOLUTION** ........ 15

**VIII. INFORMATION COLLECTION AND RETENTION** ........ 17

**IX. SCOPE AND EFFECT/RESERVATION OF RIGHTS** ........ 19

**X. COSTS** ........ 20

**XI. NOTICES** ........ 21

**XII. EFFECTIVE DATE** ........ 22

**XIII. RETENTION OF JURISDICTION** ........ 22

**XIV. MODIFICATION** ........ 23

**XV. TERMINATION** ........ 23

**XVI. PUBLIC COMMENT** ........ 24

**XVII. SIGNATORIES/SERVICE** ........ 25

**XVIII. INTEGRATION** ........ 25

**XIX. 26 U.S.C. § 162(f)(2)(A)(ii) IDENTIFICATION** ........ 25

**XX. HEADINGS** ........ 25

**XXI. FINAL JUDGMENT** ........ 26

**XXII. APPENDICES** ........................................................................................................ 26

WHEREAS, Plaintiff United States of America, on behalf of the United States by the authority of the Attorney General, and at the request of the Secretary of the United States Department of the Army, acting through the United States Army Corps of Engineers ("Corps"), filed the Complaint in this action on March 3, 2023, alleging that Defendant Tyson L. Friskney, violated and remains in violation of Section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a);

WHEREAS, the Complaint alleges that Defendant violated CWA Section 301(a) by discharging, without authorization by the Corps, dredged or fill material into waters of the United States between approximately 2013 and 2014 on real property located south of County Road P and west of State Highway 49 in Northwest Township, Williams County, Ohio, further identified as Parcel Number 094-340-00-022.000 (the "Site");

WHERAS, the Complaint seeks: (1) to enjoin the discharge of pollutants into waters of the United States in violation of CWA Section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendant, at his own expense and at the direction of the Corps, to effect complete restoration of the impacted waters of the United States and perform mitigation to compensate for irreversible environmental damage; (3) that the United States be awarded costs and disbursements; and (4) any other relief as the Court may deem just and proper;

WHEREAS, the United States and Defendant ("Parties") have completed discovery as of December 6, 2024, and the United States filed its motion for summary judgment on January 17, 2025;

WHEREAS, Defendant does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint;

WHEREAS, during discovery, Defendant submitted evidence to the United States regarding limits of his ability to pay for the full scope of the United States' requested remedies;

WHEREAS, the United States is relying on the completeness, truthfulness, and accuracy of the financial information regarding Defendant's ability to pay for the performance of injunctive relief in this case; and

WHEREAS, the Parties agree and recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid further litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, without the adjudication or admission of any issue of fact or law except as provided in Section I of this Consent Decree, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims alleged in the Complaint, pursuant to 28 U.S.C. §§ 1331 and 1345 of the CWA, and personal jurisdiction over Defendant.

2. Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b), because the Site is located in this District and the cause of action alleged in the Complaint arose in this District.

3. For purposes of this Consent Decree, or any action to enforce this Consent Decree, Defendant consents to the Court's jurisdiction over this Consent Decree and any such action and over Defendant and consents to venue in this judicial district.

4. For purposes of this Consent Decree, Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to Sections 301, 309, and 404 of the CWA, 33 U.S.C. §§ 1311, 1319, and 1344.

## II. APPLICABILITY

5. The obligations of this Consent Decree apply to and are binding upon the United States, and upon Defendant and any successors, assigns, or other persons otherwise bound by law whether or not any such person has notice of this Consent Decree.

6. No transfer of ownership or other interest in the Site shall relieve Defendant of its obligation to ensure that the terms of the Consent Decree are implemented.

7. In any action to enforce this Consent Decree against Defendant, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, successors, assigns, contractors, consultants, or any person acting in concert or participation with Defendant, to take any actions necessary to comply with the provisions of this Consent Decree.

8. It is the express purpose of the Parties in entering this Consent Decree to further the objective set forth in CWA Section 101(a), 33 U.S.C. § 1251(a).

## III. DEFINITIONS

9. Terms used in this Consent Decree that are defined in the CWA or in regulations promulgated pursuant to the CWA have the meanings assigned to them in the CWA or such regulations, unless otherwise provided in this Consent Decree. Whenever the terms set forth below are used in this Consent Decree, the following definitions apply:

"Complaint" means the complaint filed by the United States in this action on March 3, 2023, and docketed as ECF No. 1.

"Consent Decree" or "Decree" means this Decree and all appendices listed in Section XII (Appendices), and all modifications made effective in accordance with Section XIV (Modification).

"Corps" means the United States Army Corps of Engineers and any of its successor departments or agencies.

"Credits" means in-lieu fee stream compensatory mitigation credits purchased from The Nature Conservancy's Ohio Stream and Wetlands In-Lieu Fee Mitigation Program, Lower Maumee River Service Area (the 04100009 8-digit HUC watershed).

"CWA" means the Clean Water Act, 33 U.S.C. §§ 1251-1388.

"Day" means a calendar day unless expressly stated to be a business day. In computing any period of time for a deadline under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period runs until the close of business of the next business day.

"Defendant" means Tyson L. Friskney.

"DOJ" means the United States Department of Justice and any of its successor departments or agencies.

"Effective Date" means the date provided in Section XII (Effective Date).

"Paragraph" means a portion of this Consent Decree identified by an Arabic numeral.

"Parties" means the United States and Defendant.

"Request for Termination" means the written request presented by Defendant to the United States in accordance with Section XV (Termination).

"Section," when not used in conjunction with the CWA (e.g., Section 404 of the CWA), means a portion of this Decree identified by a Roman numeral.

"Site" means the real property that is currently owned by Defendant located south of County Road P and west of State Highway 49 in Northwest Township, Williams County, Ohio, further identified as Parcel Number 094-340-00-022.000.

"United States" means the United States of America, acting on behalf of the Corps.

## IV. INJUNCTIVE RELIEF

10. Permanent injunction. Defendant and Defendant's agents, successors, and assigns are enjoined from discharging any pollutant into waters of the United States on the Site, unless such discharge complies with the provisions of the CWA and regulations promulgated pursuant to the CWA.

11. Mitigation. The Parties agree that under the facts of this case, complete on-site restoration or full mitigation of the unpermitted fill violation is not practicable or feasible. As mitigation for impacts to approximately 2,200 linear feet of a federally jurisdictional unnamed tributary on the Site, Defendant shall purchase a total of 252 Credits over a period of six years. Defendant has identified and selected The Nature Conservancy's Ohio Stream and Wetland In-Lieu Fee Mitigation Program, Lower Maumee River Service Area, as a source from which it can purchase the Credits, and Defendant has entered into an agreement with The Nature Conservancy to purchase the Credits. That Agreement is attached hereto as Appendix A. While the Corps generally requires mitigation credits be purchased within the same watershed as the impacts, under the facts and circumstances here, the Corps agrees to Defendant's arrangement to purchase Credits in an adjacent watershed.

12. By December 31, 2025, Defendant shall purchase the first installment of at least 42 Credits. Defendant shall, within 365 Days after the purchase the first installment of at least

42 Credits, purchase the second installment of at least 42 Credits. The purchase of at least 42 Credits per 365-Day period shall continue for up to five years, or until a total of 252 Credits have been purchased, whichever occurs first. In any event, all 252 Credits must be purchased by December 31, 2030.

13. Within 30 Days after each purchase, Defendant shall provide written notice to the United States at the addresses specified in Section XI (Notices). Each notice shall include a receipt confirming purchase of the specified number of Credits. Defendant shall also provide such notice to the United States when all 252 Credits have been purchased.

14. Should Defendant be unable to purchase the Credits as described in the Agreement, or any portion of those Credits, Defendant shall not be relieved of his mitigation requirements. Within 14 days after learning of his inability to purchase Credits in accordance with the Agreement, Defendant shall provide written notice to the United States in accordance with Section XI (Notices), including all of the reasons why he is unable to purchase the Credits. The Parties shall work in good faith to identify and implement replacement mitigation options. In the event the Parties reach an impasse, the provisions of Section VII (Dispute Resolution) apply.

## V. STIPULATED PENALTIES

15. Defendant shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section VI (Force Majeure), by agreement of the parties, or by Order of the Court. A violation includes failing to perform any obligation required by the terms of this Consent Decree, including any Appendix

listed in Section XXII, according to all applicable requirements of this Consent Decree and within the specified time schedules established by or approved under this Consent Decree.

16. Non-compliance. The following stipulated penalties shall accrue per violation per Day for each violation of each of the various prohibitions and obligations set forth in Section IV (Injunctive Relief), as well as for any non-compliance with notification requirements:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $50 | 1st through 30th Day |
| $100 | 31st Day and beyond |

17. The stipulated penalties shall continue to accrue until performance is satisfactorily completed or until any other kind of violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

18. Defendant shall pay any stipulated penalty no later than 30 Days after service of the United States' written demand.

19. The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

20. Stipulated penalties shall continue to accrue during the procedures of Section VII (Dispute Resolution), but need not be paid until the following:

a. If the dispute is resolved by agreement of the Parties or by a decision of the United States that is not appealed to the Court, Defendant shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days after the effective date of the agreement or service of the United States' decision.

b. If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendant shall pay all accrued penalties determined by the Court to be

owing, together with interest, within 60 Days after service of the Court's decision or order, except as provided in subparagraph c., below.

c. If any Party appeals the District Court's decision, Defendant shall pay all accrued penalties determined to be owing, together with interest, within 15 Days after the appellate court's service of its mandate.

21. Defendant shall pay stipulated penalties owed to the United States by FedWire Electronic Funds Transfer to the DOJ account, in accordance with instructions provided to Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Northern District of Ohio. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which Defendant shall use to identify such payment. The FLU will provide the payment instructions to:

Tyson Friskney
14591 Carpenter Road
Camden, Michigan 49232

CC: Louis E. Tosi, Esq. and Evan J. Bunis
Shumaker Loop, & Kendrick, LLP
1000 Jackson Street
Toledo, Ohio 43604
(419) 241-9000
ltosi@shumaker.com
ebunis@shumaker.com

on behalf of Defendant. Defendant may change the individual to receive payment instructions on his behalf by providing written notice of such change to the United States in accordance with Section XI (Notices).

22. At the time of payment, Defendant shall send notice that payment has been made to the United States via electronic mail in accordance with Section XI (Notices). Such notice shall state that the payment is for the stipulated penalties owed pursuant to the Consent Decree in

*United States v. Tyson L. Friskney* and shall reference the civil action number, CDCS Number, the DOJ case number (DJ #90-5-1-1-21944), and for which violation(s) the penalties are being paid.

23. If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

24. The payment of penalties and interest, if any, shall not alter in any way Defendant's obligation to complete the performance of the requirements of this Consent Decree.

25. <u>Non-Exclusivity of Remedy</u>. Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree. Subject to the provisions of Section IX (Scope and Effect/Reservation of Rights), the United States expressly reserves the right to seek any other relief it deems appropriate for Defendant's violation of this Decree or applicable law, including but not limited to an action against Defendant for additional injunctive relief, mitigation or offset measures, and/or contempt.

## VI. FORCE MAJEURE

26. "Force majeure," for purposes of this Consent Decree, means any event arising from causes beyond the control of Defendant, of any entity controlled by Defendant, or of Defendant's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Defendant's best efforts to fulfill the obligation. The requirement that Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate

any potential force majeure and best efforts to address the effects of any potential force majeure (a) as it is occurring and (b) following the potential force majeure, such that any delay or non-performance is, and any adverse effects of the delay are, minimized to the greatest extent possible. "Force majeure" does not include, for example, financial inability to perform any obligation under this Consent Decree; a change in Defendant's financial resources; increased costs of performance; changed economic circumstances; changed labor relations; normal precipitation or climate events; changed circumstances arising out of the sale, lease, or other transfer or conveyance of title or ownership or possession of the Site; or failure to obtain federal, state, or local permits if Defendant has not submitted timely and complete applications or has not taken all other actions necessary to obtain all such permits.

27. If any event occurs for which Defendant will or may claim a force majeure, Defendant shall provide notice by email to the contacts listed in Section XI (Notices). The deadline for such initial notice is 72 hours after Defendant first knew or should have known that the event would likely delay or prevent performance. The United States may, in its unreviewable discretion, extend the time within which notice may be given. No such extensions shall be effective unless in writing. Defendant shall be deemed to know of any circumstance of which any contractor or, subcontractor of, or entity controlled by Defendant knew or should have known. Defendant is also deemed to know of his current financial circumstances, and Defendant has represented to the United States that he has or will have sufficient financial resources to perform the injunctive relief.

28. If Defendant seeks to assert a claim of force majeure, within seven days after Defendant serves the notice required in the preceding Paragraph, Defendant shall submit a further written notice to the United States that includes: (a) an explanation and description of the

event and its effect on Defendant's completion of the requirements of the Consent Decree; (b) a description and schedule of all actions taken or to be taken to prevent or minimize the delay and/or other adverse effects of the event; (c) if applicable, the proposed extension of time for Defendant to complete the requirements of the Consent Decree; (d) Defendant's rationale for attributing such delay to a force majeure; (e) a statement as to whether, in the opinion of Defendant, such event may cause or contribute to an endangerment to public health or welfare or the environment; and (f) all available proof supporting Defendant's claim that the delay was attributable to a force majeure.

29. Failure to submit a timely or complete notice or claim under the preceding two Paragraphs regarding any particular event shall preclude Defendant from asserting any claim of force majeure regarding such event, provided, however, that the United States may, in its unreviewable discretion, excuse such failure if it is able to assess to its satisfaction whether the event is a force majeure, and whether Defendant has exercised its best efforts in accordance with the first Paragraph in this Section.

30. The United States, after a reasonable opportunity to review Defendant's force majeure claim, shall notify Defendant of its determination whether Defendant is entitled to relief under this Section and, if so, the excuse of, or the extension of time for, performance of the obligations affected by the force majeure event. An excuse of, or extension of the time for performance of, the obligations affected by the force majeure event does not, by itself, excuse or extend the time for performance of any other obligation.

31. If Defendant elects to invoke the dispute resolution procedures set forth in Section VII (Dispute Resolution), he shall do so no later than 15 days after the United States serves its determination under the preceding Paragraph. In any such proceeding, Defendant has the burden

of proving that he is entitled to relief under this Section, that his proposed excuse or extension was or will be warranted under the circumstances, and that he complied with the requirements of this Section. If Defendant carries this burden, the delay or non-performance at issue shall be deemed not to be a violation by Defendant of the affected obligations of this Consent Decree identified to the United States and the Court.

## VII. DISPUTE RESOLUTION

32. Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures in this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. Defendant's failure to seek resolution of a dispute under this Section concerning an issue of which it had notice and an opportunity to dispute under this Section prior to an action by the United States to enforce any obligation of Defendant arising under this Decree shall preclude Defendant from raising any such issue as a defense to any such enforcement action.

33. Informal Dispute Resolution. Any dispute subject to the procedures in this Section (Dispute Resolution) shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when Defendant sends the United States a written notice at the addresses set forth in Section XI (Notices). Such notice shall clearly state the matter in dispute. The period of informal negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 10 Days after the conclusion of the informal negotiation period, Defendant invokes formal dispute resolution procedures as set forth below in this Section.

34. Formal Dispute Resolution. To properly invoke the formal dispute resolution procedures in this Section, Defendant shall, within the time period provided in the preceding Paragraph, serve the United States at the addresses set forth in Section XI (Notices) a written statement of position regarding the matter in dispute. Defendant shall include in its statement of position any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

35. The United States shall serve its response, which may include any relevant information, within 45 Days after Defendant serves its statement of position. The United States' response is binding on Defendant, unless Defendant files a motion for judicial review of resolution of the dispute in accordance with the following Paragraph.

36. Judicial Dispute Resolution. Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States a motion requesting judicial resolution of the dispute. The motion (a) must be filed within 10 Days after service of the United States' response pursuant to the preceding Paragraph; (b) may not raise any issue not raised in the informal dispute resolution process required by this Section, unless the United States raises a new issue of law or fact in its response; (c) shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation; and (d) shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

37. The United States shall respond in writing to Defendant's motion within the time period allowed by the Local Rules of this Court.

38. Standard of Review. Defendant shall bear the burden of proving by a preponderance of the evidence that the United States' position is not in accordance with the

objectives of this Consent Decree and the CWA, and that Defendant's position will achieve compliance with the terms and conditions of this Consent Decree and the CWA in an expeditious manner.

39. The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent Decree, unless and until final resolution of the dispute so provides. Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Section V (Stipulated Penalties). If Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section V (Stipulated Penalties).

## VIII. INFORMATION COLLECTION AND RETENTION

41. Until five years after the termination of this Consent Decree, Defendant shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in his or his contractors' or agents' possession or control, or that come into his or his contractors' or agents' possession or control, that relate in any manner to Defendant's performance of its obligations under this Consent Decree. This information-retention requirement shall apply regardless of any contrary business policies or procedures. At any time during this information-retention period, upon request by the United States, Defendant shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

42. At the conclusion of the information-retention period provided in the preceding Paragraph, Defendant shall notify the United States, at the addresses set forth in Section XI (Notices), at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Defendant shall deliver any such documents, records, or other information to the United States. Defendant may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law. If Defendant asserts such a privilege, it shall provide the following, in writing: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of each author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted by Defendant. However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

43. Defendant may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2. As to any information that Defendant seeks to protect as CBI, Defendant shall follow the procedures set forth in 40 C.F.R. Part 2.

44. This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States, including the Corps, pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendant to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## IX. SCOPE AND EFFECT/RESERVATION OF RIGHTS

45. This Consent Decree resolves and shall constitute a complete and final settlement only of the civil claims of the United States alleged in the Complaint through the date of the lodging of this Consent Decree, subject to Defendant's compliance with this Consent Decree. The United States reserves its ability to initiate enforcement actions for further statutory violations.

46. The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree and applicable law. This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the CWA or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in the immediately preceding Paragraph in this Section.

47. Defendant does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

48. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to the Site, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, claim preclusion (res judicata), issue preclusion (collateral estoppel), claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to this first Paragraph in this Section.

49. This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations,

and permits; and Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with any provisions of federal, State, or local laws, regulations, or permits. Further, in any future CWA permit application, Defendant shall not rely upon the mitigation required under this Consent Decree, as part of any mitigation proposal associated with such application.

50. Nothing in this Consent Decree shall limit the ability of the Corps to issue, modify, suspend, revoke, or deny any individual permit or any nationwide or regional permit, nor shall this Consent Decree limit EPA's ability to exercise its authority pursuant to Section 404(c) of the CWA, 33 U.S.C. § 1344(c).

51. This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties to this Consent Decree, nor does it limit the rights of such third parties against Defendant, except as otherwise provided by law.

52. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party to this Consent Decree.

## X. COSTS

53. The Parties shall bear their own costs of this action, including attorneys' fees, except that, should Defendant subsequently be determined by the Court to have violated any provision of this Consent Decree, the United States shall be entitled to collect the costs, including attorneys' fees, incurred in any action to enforce this Consent Decree.

## XI. NOTICES

54. Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and sent by electronic mail addressed as follows:

As to DOJ:

Miranda M. Jensen
Trial Attorney
U.S. DOJ, ENRD
MailProcessing_EDS.ENRD@usdoj.gov
Re: DJ # 90-5-1-1-21944

As to the Corps:

Colin R. Ozanne
District Counsel
U.S. Army Corps of Engineers, Buffalo District
Colin.R.Ozanne@usace.army.mil

Harold T. Keppner
Chief of Monitoring and Enforcement
Regulatory Branch
U.S. Army Corps of Engineers, Buffalo District
Harold.T.Keppner@usace.army.mil

As to Defendant:

Tyson Friskney
14591 Carpenter Road
Camden, Michigan 49232

Louis E. Tosi, Esq. and Evan J. Bunis
Shumaker Loop, & Kendrick, LLP
1000 Jackson Street
Toledo, Ohio 43604
(419) 241-9000
ltosi@shumaker.com
ebunis@shumaker.com

55. In all notices, documents or reports submitted to the United States pursuant to this Consent Decree, the Defendant shall, by signature, certify such notices, documents and reports as follows:

> I certify under penalty of law that this document and all attachments were prepared by me personally or under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. If prepared by me personally, I certify that the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. If the document was prepared by someone other than me, I certify that, based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering such information, the information submitted is, to the best of my knowledge and belief, true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

56. Any Party may, by written notice to the other Parties in accordance with this Section, change its designated notice recipient or notice email address provided above.

57. Notices submitted pursuant to this Section shall be deemed submitted upon mailing or transmission by email, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XII. EFFECTIVE DATE

58. The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XIII. RETENTION OF JURISDICTION

59. The Court retains jurisdiction over this case until termination of this Consent Decree pursuant to Section XV for the purpose of resolving disputes arising under this Consent

Decree, entering orders modifying this Consent Decree pursuant to its appliable terms or applicable law, or effectuating or enforcing compliance with the terms of this Consent Decree.

## XIV. MODIFICATION

60. Except as otherwise set forth in Paragraph 55, the terms of this Consent Decree, including the Appendices listed in Section XXII, may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a significant change to this Consent Decree, it shall be effective only upon approval by the Court.

61. Any disputes concerning modification of this Consent Decree shall be resolved pursuant to Section VII (Dispute Resolution), provided, however, that, instead of the burden of proof provided in Section VII, the party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XV. TERMINATION

62. After Defendant has completed all of the requirements of Section IV (Injunctive Relief) (and, if applicable, Section V (Stipulated Penalties)), and has complied with all other requirements of this Consent Decree, Defendant may serve upon the United States a Request for Termination, certifying that Defendant has satisfied those requirements, together with all necessary supporting documentation.

63. The Parties shall confer informally concerning Defendant's Request for Termination and any disagreement that the Parties may have as to whether Defendant has satisfactorily complied with the requirements for termination of this Consent Decree. If the United States agrees that the Consent Decree may be terminated, the Parties shall submit, for the

Court's approval, a joint stipulation or other appropriate document requesting termination of the Consent Decree.

64. If the United States does not agree that the Consent Decree may be terminated, Defendant may invoke the procedures of Section VII (Dispute Resolution). However, Defendant may not invoke such procedures until 30 Days after service of its Request for Termination. If the United States disputes that the criteria for termination have been met, this Consent Decree shall remain in effect pending resolution of the dispute by the Parties or the Court.

65. Irrespective of the preceding Paragraphs in this Section, termination of this Consent Decree does not affect the permanent injunction described in Section IV (Injunctive Relief) nor does it affect the expiration of Defendant's record retention obligations because, as provided in Section VIII (Information Collection and Retention), the record retention obligations expire five years after termination of this Consent Decree.

## XVI. PUBLIC COMMENT

66. The Parties acknowledge that this Consent Decree shall be lodged with the Court for a period of not less than 30 Days to allow for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. Defendant consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Consent Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Consent Decree.

## XVII. SIGNATORIES/SERVICE

67. Each undersigned representative of DOJ and Defendant certifies that such individual is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the party such individual represents to this document.

68. This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

## XVIII. INTEGRATION

69. This Consent Decree constitutes the entire agreement among the Parties regarding the subject matter of the Consent Decree and supersedes all prior representations, agreements and understandings, whether oral or written, concerning the subject matter of the Consent Decree herein.

## XIX. 26 U.S.C. § 162(f)(2)(A)(ii) IDENTIFICATION

70. For purposes of the identification requirement in Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), and 26 C.F.R. § 1.162-21(b)(2), performance of Section IV (Injunctive Relief) is restitution, remediation, or required to come into compliance with law.

## XX. HEADINGS

71. Headings to the Sections, Paragraphs, or other provisions of this Consent Decree are provided for convenience and do not affect the meaning or interpretation of the provisions of this Consent Decree.

## XXI. FINAL JUDGMENT

72. Upon approval and entry of this Consent Decree by the Court, as recorded on the Court's docket, this Consent Decree shall constitute and have the force and effect of a final judgment of the Court as to the United States and Defendant.

## XXII. APPENDICES

73. The following appendices are attached to and part of this Consent Decree: "Appendix A" is the Agreement between Defendant and The Nature Conservancy for the purchase of 252 Credits over six years.

The Court hereby finds that this Consent Decree is fair, reasonable, in the public interest, and consistent with law. IT IS SO ORDERED.

Dated and entered this 24th day of November, 2025.

*s/ James R. Knepp II*

*[The Honorable ____________________]*

UNITED STATES DISTRICT JUDGE

*[Northern]* District of *[ Ohio ]*

Consent Decree, *United States v. Tyson Friskney*, Civil Action No. 3:23-cv-000439-JRK (N.D. Ohio)

FOR THE UNITED STATES OF AMERICA:

09/25/2025
_______________
Date

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
U.S. Department of Justice

_______________________________
Miranda M. Jensen
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044-7611

9/24/25
_______________
Date

DAVID M. TOEPFER
United States Attorney
Northern District of Ohio

_______________________________
Guillermo J. Rojas
Assistant United States Attorney
Northern District of Ohio, Toledo Branch

Consent Decree, *United States v. Tyson Friskney*, Civil Action No. 3:23-cv-000439-JRK (N.D. Ohio)

FOR TYSON L. FRISKNEY:

7-03-25
Date

14591 Carpenter Rd
Camden, Michigan 49232

Approved as to form:

7-08-25
Date

1000 Jackson St.
Toledo, OH 43604

*Attorney(s) for Defendant*

# APPENDIX A

The Nature Conservancy

The Nature Conservancy in Ohio
6375 Riverside Drive, Suite 100
Dublin, OH 43017-5045

Office: (614)717-2770
www.nature.org/ohio

**Ohio Stream and Wetland In-Lieu Fee Mitigation Program**

## LETTER OF CREDIT AVAILABILITY AND RESERVATION

April 4, 2025

Louis E. Tosi
1000 Jackson Street
Toledo, Ohio 43604

Re: US v. Friskney, Case No. 3:23-cv-439

Dear Mr. Tosi:

This letter confirms that The Nature Conservancy has stream mitigation credits available for purchase in the 04100009 8-digit HUC watershed (Lower Maumee). For a period of 6 years, TNC will reserve 252 stream credits for the Purchaser in this watershed at a cost of $455 per credit.

It is understood that Mr. Friskney will purchase 42 stream credits each year over a period of 6 years. This letter does not document payment for impacts. The Conservancy does not assume liability for the above mentioned impacts through this correspondence.

Each year, when the applicant is ready to submit payment for the above-mentioned credits, they should submit a completed Final Credit Request Form (attached), along with the payment written out to "Ohio Water Development Authority". Mail both the forms and the check to the Ohio Water Development Authority, Attn: Meg Cline, P.O. Box 73514, Cleveland, OH 44193; and email scanned copies to kevin.mcconnell@tnc.org.

Best Regards,

Devin Schenk
Mitigation Program Manager